UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. _____

AMAURYS PEREZ, and other similarly )
situated individuals, )
 )
    Plaintiff(s), )
 )
vs. )
 )
THE GOODYEAR TIRE & RUBBER )
COMPANY d/b/a Goodyear Commercial )
Tire & Service Centers, )
 )
    Defendant. )
_____/

## NOTICE OF REMOVAL

Defendant THE GOODYEAR TIRE & RUBBER COMPANY d/b/a Goodyear Commercial Tire & Service Centers ("Defendant"), by and through the undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, hereby removes this action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, where the action is now pending, to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

1.    On or about April 17, 2020, Plaintiff AMAURYS PEREZ ("Plaintiff") filed a civil action against the Defendant in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, entitled *Amaurys Perez v. The Goodyear Tire & Rubber Company d/b/a Goodyear Commercial Tire & Service Centers,* Case No. CACE-20-006589 (hereinafter referred to as the "State Court Action").

2. Plaintiff's Complaint alleges the following causes of action: (1) wage and hour violations under the Fair Labor Standards Act ("FLSA") (Count I); (2) unlawful discharge in violation of the FLSA (Count II); (3) workers' compensation retaliation in violation of Florida Statute § 440.205.

3. This action is within the original federal question jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331, because Plaintiff has asserted one or more federal claims under the FLSA. This Court has supplemental jurisdiction over Plaintiff's state law claim(s) pursuant to 28 U.S.C. § 1367(a).

4. This action is also within original diversity jurisdiction of this Court, pursuant to 28 U.S.C. §1332 and 1441 because it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000.

5. A copy of the Complaint and Summons in the State Court Action was served upon Defendant on April 22, 2020. This constituted Defendant's first legal notice of the State Court Action for purposes of removal. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty-days (30) from the date on which Defendant received notice of the State Court Action.

6. For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1441.

7. The District and Division embracing the place where such action is pending is the United States District Court for the Southern District of Florida, Fort Lauderdale Division. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 89(c). The Southern District, Fort Lauderdale Division is the appropriate venue because Plaintiff alleges that the actions at issue took place in Broward County, Florida.

8. A true and correct copy of all process, pleadings, orders and other papers or exhibits of every kind currently on file in the State Court Action are attached hereto as Composite Exhibit "A," as required by 28 U.S.C. § 1446(a).

9. Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written Notice of the Removal to Plaintiff and have filed a copy of this Notice of Removal in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida. A copy of Defendants' Notice of Filing Notice of Removal is attached hereto as Exhibit "B."

## II. DIVERSITY JURISDICTION

Pursuant to 28 U.S.C. §§ 1332 and 1441, this Court has diversity jurisdiction over this action in that the parties are citizens of different states and the amount in controversy exceeds $75,000.00. The details in support of diversity jurisdiction are provided below.

### A. Diversity of Citizenship Exists

1. In the Complaint, Plaintiff states that he "used to work a Defendant's place of business located at 901 NW 31st Avenue, Fort Lauderdale, FL 33311" from "on or about July 18, 2018 to March 24, 2020." *See* Complaint at ¶¶ 4, 7. Accordingly, Plaintiff is a citizen of the State of Florida for purposes of diversity jurisdiction.

2. Defendant is a corporation organized under the laws of the State of Ohio, with its principal place of business in Akron, Ohio. *See* Declaration of Linda H. Harrold, ¶ 4 (attached as Exhibit C). Defendant is not a corporate citizen of Florida for purposes of 28 U.S.C. § 1332.

3. Accordingly, complete diversity of citizenship existed between Plaintiff and Defendant at the time Plaintiff commenced this action in state court and it continues to exist as of the time of filing this Notice of Removal.

**B.     The Amount in Controversy Exceeds the Statutory Threshold**

1.     The amount in controversy requirement is clearly satisfied in this case because Plaintiff's purported damages, exclusive of interest and costs, exceed the $75,000 threshold. More specifically, in his Complaint, Plaintiff alleges that he is entitled to relief that includes, but is not limited to: back wages from the date of discharge to the present, front wages, attorney's fees and costs, "compensatory mental damages" and any other remedies allowable by law. *See* Complaint, Prayer for Relief sections of Counts I, II and III.

2.     In addition to allowing recovery of back pay and overtime, the Fair Labor Standards Act allows employees to recover liquidated damages and a reasonable attorney's fee.  29 U.S.C. §216(b))

3.     When a plaintiff has made an unspecified demand for damages (as in this case), a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement ($75,000.00). *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc*, 204 F.3d 1069 (11th Cir. 2000). This is a "relatively low burden." *Fuller v. Exxon Corp.*, 78 F. Supp.2d 1289, 1297 (S.D. Ala. (1999). Where the jurisdictional amount is not facially apparent from the Complaint, the Court may consider facts set forth in the removal petition. *See Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

4.     Furthermore, when a plaintiff's damages are unspecified the "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

Moreover, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Id.* at 1062.

5.  In his Complaint, Plaintiff purports to bring suit on behalf of himself and "other similarly situated individuals." *See* Complaint at 1. Plaintiff provides a "good faith estimate" of his actual damages and liquidated damages totaling $40,482.00, excluding reasonable attorneys' fees and costs. *Id.* at 28. However, Plaintiff's estimate does not include any alleged amounts owed to any "other similarly situated individuals" or provide any estimate as to his alleged "compensatory mental damages."

6.  Where, as here, removal is also based on diversity of citizenship, and the initial pleading does not demand a specific sum, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554, 2014 U.S. LEXIS 8435, at *14 (Dec. 15, 2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

7.  As a general rule, the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his or her case as it stands, at the time of removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). Plaintiff's allegations reflect that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

8.  As indicated above, Plaintiff seeks lost wages in the form of back pay. *See* generally Complaint. At the time of his separation, Plaintiff's rate of pay was approximately $17.30 per hour, equivalent to approximately $35,984.00 per year, excluding any overtime hours worked. *See* Declaration of Linda H. Harrold, ¶ 5.

9. In calculating potential lost wages for jurisdictional purposes, it is proper to calculate the figure through the trial date. *See Messina v. Chanel, Inc.*, 2011 U.S. Dist. LEXIS 71138 (S.D. Fla. Jul. 1, 2011) (appropriate to calculate lost wages from time of termination through trial date in examining the jurisdictional minimum); *see also Cashman v. Host Int'l, Inc.,* U.S. Dist. LEXIS 123164, *4 (M.D. Fla. Nov. 9, 2010) (noting that "[c]onsideration of the additional back pay amount from the date of removal to the date of trial, based on a conservative estimate of the trial date, is not impermissible speculation").

10. A reasonable estimate of a trial date would be approximately one year from the date of removal. From the date of Plaintiff's separation on March 23, 2020, through a trial date one year from filing this Notice of Removal (May 8, 2021), Plaintiff has potential unmitigated lost wages of at least $40,136.00, without any accounting for any overtime hours worked, any damages on behalf of the similarly situated individuals or any compensatory damages sought by Plaintiff. *See Destefano v. Home Shopping Network, Inc.*, 2006 U.S. Dist. LEXIS 11701 (M.D. Fla. 2006) (annual salary from date of termination through trial established jurisdictional minimum). Thus, Defendant exceeds the jurisdictional threshold in Plaintiff's potential back pay damages alone.

11. In addition to back pay damages, Plaintiff also seeks the recovery of front pay if he prevails on his claims. Front pay is a form of equitable relief that the Court may award in lieu of reinstatement. *See Pollard v. E.I. DuPont de Nemours & Co*, 532 U.S. 843, 846 (2001). For purposes of determining the amount in controversy, the value of equitable relief "is the monetary value of the object of the litigation that would flow to the plaintiff[] if the [requested relief] were granted." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002); *see also Wineberger v. RaceTrac Petroleum, Inc.*, 672 Fed. Appx. 914, 917 (11th Cir. 2016) (holding that

the "district court correctly considered front pay because the amount in controversy is dependent on the facts at the time of removal."). Thus, entitlement to front pay damages is properly considered in assessing the amount in controversy. *See Brown v. Cunningham Lindsey U.S., Inc.*, 2005 U.S. Dist. LEXIS 38862, * 15 (M.D. Fla. 2005) (crediting one year of back pay *plus* one year of front pay, as a conservative measure of potential lost wages in a wrongful termination case). An award of one or more years of front pay is not uncommon in employment discrimination cases. *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1349 (11th Cir. 2000) (affirming award of one year of front pay). Based on Plaintiff's annual salary at the time of separation, one year of front pay is the equivalent of approximately $35,984.00. Thus, in wages alone, Plaintiff's claims exceed the minimum amount in controversy.

12. As noted above, Plaintiff is seeking to recover compensatory damages for "mental damages." Plaintiff's compensatory damages may include a variety of intangible, non-economic losses that potentially exceed the jurisdictional minimum. *See generally Bartley v. Starwood Hotel & Resorts Worldwide*, *Inc.,* No. 07-80637-CIV, 2007 WL 2774250 (S.D. Fla. Sept. 24, 2007) (finding that general allegations of pain, mental anguish, scarring, disfigurement, and loss of enjoyment of life were sufficient to put defendant on notice that jurisdictional minimum was satisfied). Even "garden-variety" compensatory damages in employment termination cases may significantly increase the amount in controversy. *See e.g., Munoz*, 223 F.3d at 1349 (affirming award of $150,000 damages for emotional distress on Florida Civil Rights Act claim). Additionally, Plaintiff would be entitled to liquidated wages and attorneys' fees under the FLSA should he prevail. *See* 29 U.S.C. §216(b))

13. The Court can take judicial notice that attorneys' fees sought in similar employment termination cases in the Southern District of Florida routinely approach or exceed the $75,000

threshold. *See Alshakanbeh v. Food Lion, LLC*, 2007 U.S. Dist. Lexis 20746, * 4 (M.D. Fla. 2007) (estimate of $40,000 for attorneys' fees in Jacksonville employment discrimination case was "conservative.")  Given the scope of Plaintiff's allegations, "garden variety" attorneys' fees of $50,000 are a very conservative estimate of this potential component of the amount in controversy in this case.

14. As also noted above, Plaintiff further alleges that Defendant is liable for his attorney's fees. Attorney's fees are included in the amount-in-controversy if a statute mandates or permits recovery of attorney's fees. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Plaintiff's complaint alleges that Defendant violated the Florida's Workers' Compensation Law, Florida Statutes Chapter 440. In an action under that Law, "[a] fee, gratuity, or other consideration may not be paid for a claimant in connection with any proceedings arising under this chapter, unless approved by the judge of compensation claims or court having jurisdiction over such proceedings." Florida Statute §440.34. If Plaintiff were to prevail at trial – which the Court property assumes for purposes of removal – his claim for attorney's fees alone more likely than not will exceed $75,000. *See Cowan v. Geneso, Inc.*, 2014 WL 3417656 at n. 6 (M.D. Fla. July 14, 2014) ("the inclusion of attorney's fees in the calculation of amount in controversy is appropriate").

15. Considering the cumulative value of Plaintiff's potential claims for back pay, compensatory damages, punitive damages, and attorney's fees, Plaintiff's claims, though vigorously contested by Defendant, more likely than not involve an amount in controversy far in excess of $75,000, exclusive of interests and costs. *See Virgile v. O.C. Communications of California*, Case No. 17-60948-Civ-MORENO (Aug. 8, 2017) (denying motion to remand for claims brought under the FCRA).

WHEREFORE, Defendant THE GOODYEAR TIRE & RUBBER COMPANY, requests that this action, now pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, be removed to the United States District Court for the Southern District of Florida.

DATED this 12th day of May 2020.

Respectfully submitted,

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, Florida 33131
Tel: (305) 400-7500
Fax: (305) 675-8497

By: */s/ Chelsea A. Lewis*
Sherril M. Colombo, Esq.
Florida Bar No.: 948799
E-mail: scolombo@littler.com
Secondary: kljackson@littler.com
Chelsea A. Lewis, Esq.
Florida Bar No. 111607
E-mail: chlewis@littler.com
Secondary: ccano@littler.com

*COUNSEL FOR DEFENDANT*