# COMPOSITE EXHIBIT A

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

AMAURYS PEREZ, and other similarly )
situated individuals, )
           )
         Plaintiff(s), )
           )
v. )
           )    Case No.:
THE GOODYEAR TIRE & RUBBER )
COMPANY d/b/a Goodyear Commercial Tire )
& Service Centers, )
           )
         Defendant. )
_____ )

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**

**TO EACH SHERIFF OF THE STATE
OR PERSON AUTHORIZED BY THE COURT
TO SERVE PROCESS IN THIS ACTION**

       **YOU ARE HEREBY COMMANDED** to serve this Summons and copy of the Complaint
for Damages in this action on the below-named Defendant:

                **THE GOODYEAR TIRE & RUBBER COMPANY
           d/b/a Goodyear Commercial Tire & Service Centers**
             c/o CORPORATION SERVICE COMPANY
                1201 HAYS STREET
            TALLAHASSEE, FL 32301-2525

The Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, to wit:

              R. Martin Saenz, Esquire
whose address is:     Saenz & Anderson, PLLC
              20900 NE 30th Avenue, Ste. 800
              Aventura, Florida 33180
              Telephone: (305) 503-5131

within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and

to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

DATED ON _____ APR 20 2020 _____ .


CLERK OF COURTS
as Clerk of said Court


By:_____

**BRENDA D. FORMAN**


(COURT SEAL)

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

AMAURYS PEREZ, and other similarly )
situated individuals, )
　 )
Plaintiff(s), )
　 )
v. )
　 )　Case No.:
THE GOODYEAR TIRE & RUBBER )
COMPANY d/b/a Goodyear Commercial Tire )
& Service Centers, )
　 )
Defendant. )
_____ )

## COMPLAINT

Plaintiff AMAURYS PEREZ ("Plaintiff") and other similarly situated individuals sue

Defendant THE GOODYEAR TIRE & RUBBER COMPANY d/b/a Goodyear Commercial Tire

& Service Centers ("Defendant") and allege:

## NATURE OF THE ACTION

1.　　This is an action to recover money damages for unpaid overtime wages under the

laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act,

29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.　　This is also an action for wrongful, retaliatory discharge of an employee in

violation of Section 440.205 of the Florida Statutes and 29 U.S.C. 215 (a)(3).

3.　　This is an action for damages that exceed $30,000.00 exclusive of interest,

attorneys' fees, and costs.

## VENUE



1

4.      Defendant is a foreign profit corporation, authorized to conduct and transact business in Florida.  Defendant maintains a place of business in Broward County, Florida, where Plaintiff worked for it, and at all times material hereto was and is engaged in interstate commerce. Specifically, Defendant has its main business office at 200 Innovation Way- #D616, Akron, OH 44316-0001.  Plaintiff used to work at Defendant's place of business located at 901 NW 31st Ave., Fort Lauderdale, FL 33311.

**PARTIES**

5.      At all times material to this Complaint, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. § 203(e) and Section 440.02(15) of the Florida Statutes. Plaintiff is a covered employee for purposes of the FLSA.

6.      At all times material, Defendant was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and Section 440.02(16) of the Florida Statutes.

**GENERAL ALLEGATIONS**

7.      Plaintiff worked for Defendant from on or about July 28, 2018, to March 24, 2020.

8.      Plaintiff performed his work admirably and was revered by his colleagues with whom he worked.

9.      Plaintiff was employed as an automotive technician and worked on average approximately 70 hours per week. For his time, Plaintiff was paid approximately $17.30 per hour.

10.     On average, Plaintiff worked from Monday to Friday, 13 hours per day, and on Saturday, Plaintiff worked approximately five hours, for a total of approximately 70 hours per week. From Monday to Friday, upon reaching 11 hours of work on each day, Plaintiff was



ordered to clock out.  However, Plaintiff continued working for around two (2), sometimes three (3) more hours every day from Monday to Friday without being paid at all.  Defendant knew that Plaintiff was working overtime without being properly paid.

11.      Thus, Defendant paid Plaintiff for the job he performed up to 60 hours per week, but never paid Plaintiff time and one half for the additional 10 weekly hours of overtime he worked.

12.      In or about February of 2019, Plaintiff had an accident while working for Defendant, during which he suffered a hernia due to heavy lifting.

13.      In or around February of 2019, Plaintiff notified Defendant about the work-related accident, his injuries and need for medical treatment, and that he could no longer lift heavy materials.

14.      On or about March 22, 2020, Plaintiff contacted his supervisor, George Morgan ("Morgan"), asked for the payment of his unpaid overtime wages, and again requested medical treatment for his work-related injury.

15.      On or about March 23, 2020, Morgan and general manager, Sergio Garcia, met with Plaintiff and admitted owing him unpaid overtime wages.

16.      However, on or about March 24, 2020, Defendant sent Plaintiff home immediately upon his arrival to work and informed him that he was terminated and had two weeks to find another job.

17.      Plaintiff's termination by Defendant was an obvious maneuver to curtail his right to apply for workers' compensation benefits and in retaliation for complaining about unpaid overtime wages.  To add insult to injury, Plaintiff's termination from employment has taken place in the middle of the worst pandemic in a century, caused by COVID-19.



## COUNT I: WAGE AND HOUR VIOLATION (UNPAID OVERTIME)

18.     Plaintiff repeats and re-alleges paragraphs 1-17 as if fully stated herein.

19.     This action is brought by Plaintiff and those similarly situated to recover from the Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

20.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Defendant operated as organizations which sell and/or market their services and/or goods to customers from throughout the United States and also provide their services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accept funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

21.     By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise or enterprises engaged in commerce or in the production of goods for



4

commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Defendant. The Defendant's business activities involve those to which the FLSA applies. The Defendant, through its business activities, affects interstate commerce. Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was employed by the Defendant as an automotive technician for the Defendant's business.

22.     While employed by the Defendant, Plaintiff worked approximately an average of 70 hours per week.  Out of those 70 hours, Plaintiff was not paid for approximately 10 hours of work at a rate of not less than one and one-half times the regular rate at which he was employed.

23.     Plaintiff was employed as an automotive technician, performing the same or similar duties as that of those other similarly situated automotive technicians whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

24.     Plaintiff worked for the Defendant from approximately July 28, 2018, to March 24, 2020.

25.     The Defendant paid Plaintiff on average approximately $17.30 per hour.

26.     However, the Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 60 per week from approximately between July 28, 2018, to October 31, 2019, and January 1, 2020, to March 24, 2020. In total, Plaintiff worked approximately 78 compensable weeks under the FLSA, or 78 compensable weeks if counted 3 years back from the date of the filing of the instant action.

27.     Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from three (3) years preceding the date of the filing of this Complaint.



28.     Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

a. **Actual Damages: $20,241.00**

i.      <u>Calculation</u>: $17.30 (hourly pay) x 1.5 (overtime rate) x 10 (approximate number of overtime hours) x 78 (compensable weeks) = $ 20,241.00

b. **Liquidated Damages: $20,241.00**

c. **Total Damages: $ 40,482.00** plus reasonable attorneys' fees and costs of suit.

29.     At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Defendant who are and who were subject to the unlawful payroll practices and procedures of the Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

30.     The Defendant knew and/or showed reckless disregard for the provisions of the Act concerning the payment of overtime wages and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Defendant never posted any notice, as



required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

31.     The Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Defendant as set forth above.

32.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Defendant on the basis of the Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

### JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

### COUNT II: VIOLATION OF 29 U.S.C. 215 (a)(3) (DISCHARGE)

33.     Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.



34.     Defendant willfully and intentionally refused to pay Plaintiff his legally owed overtime wages as required by the laws of the United States and remain owing Plaintiff these wages as set forth above.

35.     Section 206(a)(3) of the FLSA states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

36.     On or about March 22, 2020, Plaintiff complained about his unpaid overtime wages to Defendant.

37.     On or about March 24, 2020, shortly after complaining about his unpaid overtime wages, Defendant terminated Plaintiff's employment.

38.     The motivating factors, which caused Plaintiff's discharge as described above, were the complaints seeking the payment of overtime wages from Defendant. Alternatively, Plaintiff would not have been fired but for his complaints about unpaid overtime wages.

39.     Defendant's termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter a judgment against Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs;

B.  Order reinstatement and promotion and injunctive relief prohibiting Defendant from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).



8

### JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

### COUNT III – VIOLATION OF FLA. STAT. § 440.205 (TERMINATION)

40.     Plaintiff repeats and re-alleges paragraphs 1-17 as if fully stated herein.

41.     At all times relevant, Plaintiff was employed by the Defendant.

42.     In or about February of 2019, Plaintiff had an accident while working for Defendant.

43.     In or about February of 2019, Plaintiff notified Defendant about the work-related accident, his injuries and need for medical treatment, and that he could no longer lift heavy materials.

44.     On or about March 22, 2020, Plaintiff again requested medical treatment for his work-related injury.

45.     On or about March 24, 2020, Defendant terminated Plaintiff's employment.

46.     Plaintiff's work prior to his discharge was satisfactory or more than satisfactory.

47.     The sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do, and Defendant retaliated against Plaintiff because he did so.

48.     The but-for cause or motivating factor, which caused the Plaintiff's discharge as described above, was his request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. Alternatively, Plaintiff would not have been fired but for his claim or attempted claim to worker's compensation benefits as described above.

49.     Plaintiff's termination was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged as he has suffered lost wages and emotional distress.



50.   Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present; front wages; reinstatement and promotion; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; a jury trial on all issues so triable; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: April 17, 2020.

Respectfully submitted,

By: /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 640166
E-mail: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549



10

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>AMAURYS PEREZ</u>
 Plaintiff
           vs.
<u>THE GOODYEAR TIRE & RUBBER COMPANY</u>
Defendant

---

**II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>100,000</u>

**III.     TYPE OF CASE**     (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability – commercial
   ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
   ☐ Commercial foreclosure
   ☐ Homestead residential foreclosure
   ☐ Non-homestead residential foreclosure
   ☐ Other real property actions
☐ Professional malpractice
   ☐ Malpractice – business
   ☐ Malpractice – medical

   ☐ Malpractice – other professional
☒ Other
   ☐ Antitrust/Trade Regulation
   ☐ Business Transaction
   ☒ Circuit Civil - Not Applicable
   ☐ Constitutional challenge-statute or ordinance
   ☐ Constitutional challenge-proposed amendment
   ☐ Corporate Trusts
   ☐ Discrimination-employment or other
   ☐ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

☐ County Civil
   ☐ Small Claims up to $8,000
   ☐ Civil
   ☐ Replevins
   ☐ Evictions
   ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.** **REMEDIES SOUGHT** (check all that apply):
☒  Monetary;
☒  Non-monetary declaratory or injunctive relief;
☒  Punitive

**V.** **NUMBER OF CAUSES OF ACTION:**
(Specify)

3

**VI.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VII.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   s/ Ruben Martin Saenz
Attorney or party
FL Bar No.:  640166
(Bar number, if attorney)
Ruben Martin Saenz
(Type or print name)
Date:  04/17/2020

## RETURN OF SERVICE

**State of Florida**                    **County of BROWARD**                    Circuit Court

Case Number: CACE-20-006589-04

Plaintiff:
**AMAURYS PEREZ, and other similarly situated individuals**

vs.

Defendant:
**THE GOODYEAR TIRE & RUBBER COMPANY d/b/a Goodyear Commercial
Tire & Service Centers**

For:
R. Martin Saenz, Esq
Saenz & Anderson, PLLC
20900 Ne 30th Ave
Ste 800
Miami, FL 33180

Received by LINDSAY LEGAL SERVICES, INC. on the 21st day of April, 2020 at 10:18 am to be served on **THE
GOODYEAR TIRE & RUBBER COMPANY D/B/A GOODYEAR COMMERCIAL TIRE & SERVICE CENTERS C/O
CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **22nd day of April, 2020** at **11:05 am, I:**

**CORPORATE:** served by delivering a true copy of the **CIVIL ACTION SUMMONS, CIVIL COVER SHEET AND
COMPLAINT** with the date and hour of service endorsed thereon by me, to: **SCHEENA KRUSE** as **AUTHORIZED
REPRESENTATIVE** for the Registered Agent of THE GOODYEAR TIRE & RUBBER COMPANY D/B/A
GOODYEAR COMMERCIAL TIRE & SERVICE CENTERS C/O CORPORATION SERVICE COMPANY at the
address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301**, and informed said person of the contents therein, in
compliance with state statutes.

**Description** of Person Served: Age: 25+, Sex: F, Race/Skin Color: WHITE, Height: 5'6", Weight: 150, Hair:
BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in
good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the
facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525
(2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**LINDSAY LEGAL SERVICES, INC.**
**7105 SW 8th STREET**
**SUITE 307**
**MIAMI, FL 33144**
**(305) 273-0317**

Our Job Serial Number: RLA-2020001133
Ref: 2020001133

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

Case Number: CACE-20-006589 Division: 04

Filing # 106398886 E-Filed 04/17/2020 03:04:22 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

AMAURYS PEREZ, and other similarly )
situated individuals, )
　　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　Plaintiff(s), )
　　　　　　　　　　　　　　　　　　　　　　　 )
v. )
　　　　　　　　　　　　　　　　　　　　　　　 )　Case No.:
THE GOODYEAR TIRE & RUBBER )
COMPANY d/b/a Goodyear Commercial Tire )
& Service Centers, )
　　　　　　　　　　　　　　　　　　　　　　　 )　Date: _4/22/20_　Time: _11:05 A_
　　　　　　　Defendant. )
_____ )

MCN #111
is a certified process server in the
Circuit and County Courts in and for the
Second Judicial Circuit

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**

**TO EACH SHERIFF OF THE STATE**
**OR PERSON AUTHORIZED BY THE COURT**
**TO SERVE PROCESS IN THIS ACTION**

　　　　**YOU ARE HEREBY COMMANDED** to serve this Summons and copy of the Complaint
for Damages in this action on the below-named Defendant:

**THE GOODYEAR TIRE & RUBBER COMPANY**
**d/b/a Goodyear Commercial Tire & Service Centers**
c/o CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

The Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, to wit:

whose address is:　　R. Martin Saenz, Esquire
　　　　　　　　　　　　Saenz & Anderson, PLLC
　　　　　　　　　　　　20900 NE 30th Avenue, Ste. 800
　　　　　　　　　　　　Aventura, Florida 33180
　　　　　　　　　　　　Telephone:　(305) 503-5131

within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and

to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

DATED ON _____     APR 20 2020              .

CLERK OF COURTS
as Clerk of said Court

By: _____

BRENDA D. FORMAN

(COURT SEAL)